BROWNELL, KEILMEIER & Co. *v.* JOSEPH W. HARSH.

An agreement by a creditor to stay legal proceedings against his debtor is a sufficient consideration to support a written promise by a third person to pay the debt, and in order to make the promise binding, it is not necessary that the creditor should discharge the debtor, or relinquish his securities and liens.

MOTION for leave to file a petition in error to the District Court of Seneca county.

The plaintiffs obtained a decree of foreclosure and sale against one Cline, upon a junior mortgage which they held against him, making the senior lienholders also parties defendant in the action. The cause was appealed to the district court, where the plaintiffs asked to have a receiver of the mortgage property appointed, on the ground of its insufficiency to pay the mortgage and prior liens. At this stage of the proceeding, an agreement in writing was entered into between Cline, Harsh, and the plaintiffs, to the effect that Cline should convey one-half of the mortgaged premises (being mill property) to Harsh; that Harsh and Cline should pay the plaintiffs the amount of their mortgage debt—one-third in hand, one-third in one year, and the remainder in two years; and that the action should be continued, and the plaintiffs should forbear all further proceedings therein until Cline and Harsh should make default in pay-

ment, but that the lien of plaintiffs' mortgage should still continue to subsist. Cline conveyed the half of the property to Harsh accordingly, by a warranty deed, and Harsh paid the down payment, and went into possession and use of the property. He continued in possession, and subsequently paid the second installment; but he and Cline failing to pay the third installment, the premises were finally sold under a decree rendered in the case. The proceeds of the sale proved insufficient to pay the senior liens and cost, leaving the balance due on plaintiffs' claim wholly unpaid. For the recovery of this balance, the plaintiffs brought their action against Harsh and Cline; and the court of common pleas held that, upon the facts aforesaid, the plaintiffs were not entitled to recover, and gave judgment for the defendants. Upon petition in error, the judgment was affirmed by the district court, and leave is now asked to file a petition in error to reverse the judgment of reversal.

*Noble & Adams*, for the motion, cited: *Kuhns* v. *Young*, 34 Penn. St. 60; *Trimble* v. *Strother*, 25 Ohio St. 378; *Thompson* v. *Thompson*, 4 Ohio St. 333; *Crumbaugh* v. *Kugler*, 3 Ohio St. 544; *Butterfield* v. *Hartshorn*, 7 N. H. 345; *Hull* v. *Marston*, 17 Mass. 575.

*McCauley & Penington*, contra, cited: 1 Parsons on Contracts, 218, note *e*; 220, note *h*; 217, note *b*; 7 N. H. 345; 15 N. H. 129.

WELCH, C. J. The ground taken in support of the judgments below is, that the contract between Harsh, Cline, and the plaintiffs did not bind Harsh, as between him and the plaintiffs, for the want of any sufficient consideration. It is claimed that the contract was what is called a " novation," and that in order to make it binding upon Harsh, it should have provided for the release of Cline from liability, and the relinquishment of the mortgage lien; that without such relinquishment, it was a mere voluntary agreement by Harsh to pay the debt of Cline, without consideration.

We wholly dissent from this view of the case. As we understand it, this was an agreement to the effect that if the plaintiffs would forbear proceedings against the property, and let Harsh and Cline enjoy the rents and profits for two years, they would pay the debt. The agreement to forbear was a sufficient consideration. As between Harsh and the plaintiffs, it was, in substance, an agreement that Harsh would take the *risk* of the sufficiency of the property to pay the debt, if the plaintiffs would delay proceedings for two years, or until default should be made in the stipulated payments. It was equivalent, in legal effect, to a *sale* of the mortgage claim to Harsh for its face, payable in installments, and the subrogation of Harsh to the plaintiffs' right of lien, on the terms named. The stipulation that the lien should continue in no way affects the case. That provision was made merely for the purpose of securing the claim, and was as much for the benefit of Harsh as of the plaintiffs. An agreement by a creditor to stay legal proceedings against his debtor is surely a sufficient consideration to support a promise by a third person to pay the debt; and in order to make the promise binding, it is surely not necessary that the creditor should discharge the debtor, or relinquish his securities and liens.

*Judgments reversed.*