JANELL, INC., APPELLEE, *v.* WOODS, D.B.A. SPACE AND
CRATER; FOX BERRY ENTERPRISES, INC., APPELLANT.

(No. C-790709—Decided December 17, 1980.)

*Messrs. Schmidt, Effron, Josselson & Weber* and *Mr.
Albert R. Fingerman,* for appellee.

*Messrs. Higgs, Ritter & Armstrong* and *Mr. John B.
Armstrong,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Hamilton County Municipal Court.

Defendant-appellant, Fox Berry Enterprises, Inc. (Fox Berry), appeals from a judgment rendered against it for $1,200 plus interest and costs, claiming that plaintiff-appellee, Janell, Inc., was not entitled to judgment because it did not comply with the Ohio Mechanics' Lien Law. We affirm.

The language of the single assignment asserts error in failing to direct a verdict in favor of Fox Berry at the close of all the evidence. Since the trial was before a referee without a jury, defendant made the wrong motion. The proper motion would have been one for dismissal under Civ. R. 41(B)(2), made at the close of the plaintiff's case. *Altimari* v. *Campbell* (1978), 56 Ohio App. 2d 253; *Sizemore* v. *Belser* (1947), 80 Ohio

App. 383; *Jones* v. *Dolle* (Hamilton Co. Ct. of Appeals No. C-77357, August 2, 1978), unreported. Civ. R. 41(B)(2) allows the trial court to determine the facts by weighing the evidence and to render judgment against the plaintiff at the close of plaintiff's case, or, in the alternative, to decline to render any judgment until the close of all the evidence. The trial court's dismissal of the case will not be set aside unless erroneous as a matter of law or against the manifest weight of the evidence. The court's deferral of its judgment will not be set aside unless shown to be an abuse of discretion. A *renewal* of the motion to dismiss at the close of all the evidence has no real meaning because the disposition of the case will then be made on all the evidence.

We deem the assignment of error to be that the court's judgment at the close of all the evidence was contrary to law or against the manifest weight of the evidence.

The record contains probative evidence sufficient for a reasonable mind to find the following circumstances by a preponderance of the evidence. Plaintiff was a materialman who rented concrete forms and furnished other building materials to defendant Gale Woods, d.b.a. Space and Crater, who was under contractual obligation to install building foundations on three lots owned by Fox Berry. After the forms were furnished and the other materials were incorporated in the work on all three lots, Woods presented three affidavits to Fox Berry under the Mechanics' Lien Law and received payment for the amount claimed in one affidavit. He then absconded. The affidavits were false. Plaintiff set out to collect the amounts due to it and contacted Fox Berry's treasurer. An agreement was reached directly between plaintiff and Fox Berry that the value of the materials used and incorporated was $600 per lot, and that Fox Berry would pay plaintiff if and when plaintiff furnished materialman's certificates. Plaintiff proceeded to deliver the certificates within the sixty-day period permitted for filing mechanics' liens under the law. However, plaintiff did not record any lien documents against Fox Berry's land, relying on the treasurer's promise. Later the treasurer refused to pay, having consulted counsel, and plaintiff brought suit.

The provisions of the Ohio Mechanics' Lien Law (R. C. Chapter 1311) do not affect the enforcement of direct con-

tracts between parties, and a materialman may sue on a direct contract with the owner even though he failed to perfect his lien. *Blewett* v. *Sullivan* (1957), 104 Ohio App. 486. At two places R. C. Chapter 1311 provides for separate enforcement of the contract and the lien. R. C. 1311.04 states, in its second to last paragraph, that the failure of the contractor to furnish an affidavit within the sixty-day period allowed by law " * * * shall not act as a bar or defense in any suit or cause of action to collect any claim * * * " against the owner. R. C. 1311.11(B) states that the failure to commence suit within sixty days of the lienholder's receipt of notice to commence suit shall not affect the claim on which the lien is founded, but results only in the loss of the security of the lien.

Plaintiff's forbearance to perfect, on the land records, his lien against Fox Berry's real estate constitutes adequate consideration for Fox Berry's promise to pay $600 per lot when furnished with the requested certificates. *Brownell, Keilmeier & Co.* v. *Harsh* (1876), 29 Ohio St. 631; *Duckwall* v. *Rogers* (1864), 15 Ohio St. 544. The lien was of substantial value to the materialman (the plaintiff), and the loss of it was adequate consideration to support Fox Berry's promise.

The trial court did not err. We affirm.

*Judgment affirmed.*

BETTMAN, P. J., PALMER and BLACK, JJ., concur.