The STATE ex rel. FISHER, Atty. Gen., Appellant,

v.

ROSE CHEVROLET, INC., Appellee.

[Cite as *State ex rel. Fisher v. Rose Chevrolet, Inc.* (1992), 82 Ohio App.3d 520.]

Court of Appeals of Ohio,
Butler County.

No. CA91–12–215.

Decided Sept. 21, 1992.

*Lee Fisher*, Attorney General, and *Mary Patrick Latham*, Assistant Attorney General, for appellant.

*Thomas E. Humbach*, for appellee.

WALSH, Judge.

This cause of action is before this court pursuant to a notice of appeal filed from a judgment entry dismissing a complaint alleging violation of the Consumer Sales Practices Act.

On September 29, 1990, Richard Nelson purchased a 1989 Chevrolet Celebrity station wagon from Rose Chevrolet, Inc. ("appellee"). Nelson bought the car for his personal use. Prior to purchasing the car, Nelson spoke with Ron May, a salesman at Rose Chevrolet. May showed Nelson the 1989 Celebrity station wagon, which had approximately 14,500 miles on it when Nelson purchased it. Nelson's understanding was that the car was owned by Rose Chevrolet and had been driven by the wife of the owner of the dealership.

Shortly after purchasing the vehicle, Nelson went to change its oil and discovered that the car had been previously owned by Budget Rent–A–Car. Nelson then attempted, without success, to return the car to appellee; therefore, Nelson filed a complaint with the Ohio Attorney General's Office.

On April 30, 1991, the Attorney General of Ohio ("appellant") filed a complaint in the Butler County Court of Common Pleas. In his complaint, appellant alleges violations by appellee of the Consumer Sales Practices Act, R.C. Chapter 1345. On October 3, 1991, appellant filed a motion to compel discovery with the trial court. Appellee filed its response on October 8, 1991 and the trial court denied appellant's motion on October 15, 1991.

On October 31, 1991, a trial of this matter was commenced before the court without a jury. After appellant presented his evidence, appellee motioned the court for a dismissal of the matter. On November 22, 1991, the trial court entered its judgment granting the dismissal pursuant to Civ.R. 41(B)(2). It is from this entry that appellant filed its notice of appeal to this court.

On appeal, appellant assigns as error the following:

Assignment of Error No. 1:

"The lower court erred to the prejudice of appellant in denying appellant's motion to compel discovery inasmuch as the decision adversely affected appellant's substantive right of access to relevant information and frustrated the legislative intent underlying the Consumer Sales Practice Act."

Assignment of Error No. 2:

"The lower court erred to the prejudice of appellant in sustaining defendant's motion to dismiss at the close of appellant's evidence."

Assignment of Error No. 3:

"The lower court erred to the prejudice of appellant when it abused its discretion by relying on its own opinions instead of weighing the evidence and by denying appellant due process of law."

In appellant's first assignment of error, he contends that the trial court erred in denying his motion to compel. In his motion, appellant requested the trial court to compel appellee to answer two interrogatories and one production-of-documents request. Specifically, one interrogatory propounded to appellee asked the dealership to identify all vehicles which appellee had purchased at a General Motors auction and which had been driven by appellee's employees or family members from April 30, 1989 to present. The document request asked for the retail buyer's orders for said vehicles. The second interrogatory asked appellee to give the substance of discussions between appellee's agents and Richard Nelson. The trial court overruled appellant's motion to compel on the basis that the requests were not relevant to the pending lawsuit.

Civ.R. 26 allows the parties broad powers of discovery. Although Civ.R. 26(B)(1) does limit the matter to be discovered to that which is "relevant to the subject matter," Civ.R. 26(B)(1) also provides for discovery of information " * * * reasonably calculated to lead to the discovery of admissible evidence." The court in *Icenhower v. Icenhower* (Aug. 14, 1975), Franklin App. No. 75AP–93, unreported, described the test of relevancy under Civ.R. 26(B)(1) as follows: " * * * the discovery test for relevancy is much broader than the test to be utilized at trial. It is only irrelevant by the discovery test when the information sought will not reasonably lead to the discovery of admissible evidence." *Id.* at 2. Appellee in its brief states that " * * * appellant has failed to establish that the information to be discovered would lead to the discovery of other admissible evidence in the trial[.]"

We find that appellee is attempting to shift the burden and that under the *Icenhower* test, appellee had the burden to establish that the requested information would not reasonably lead to the discovery of admissible evidence. The record, including appellee's response to appellant's motion to compel, does not support a determination that appellee sustained this burden. We therefore find that the trial court abused its discretion in denying appellant's motion to compel. *Smith v. Klein* (1985), 23 Ohio App.3d 146, 23 OBR 387, 492 N.E.2d 852; *Rossman v. Rossman* (1975), 47 Ohio App.2d 103, 1 O.O.3d 206, 352 N.E.2d 149. Appellant's first assignment of error is sustained.

Appellant next assigns as error the trial court's granting of appellee's motion to dismiss. Appellant has raised three issues under Assignment of Error No. 1.

■ Prior to evaluating appellant's issues under Assignment of Error No. 2, it is important to note that Ohio's Consumer Sales Practices Act, R.C. 1345.01 *et seq.*, is remedial legislation and is to be construed liberally. *Renner v. Procter & Gamble Co.* (1988), 54 Ohio App.3d 79, 86, 561 N.E.2d 959, 965. R.C. 1345.02 prohibits a supplier from committing unfair or deceptive acts in a consumer transaction. R.C. 1345.02(A). The code lists ten examples of deceptive acts or practices. R.C. 1345.02(B)(1) through (10); see *Thompson v. Jim Dixon Lincoln Mercury, Inc.* (Apr. 27, 1983), Butler App. No. CA 82–11–0109, unreported, at 3. This court stated in *Thompson*, at 3: "This list is not exhaustive and does not limit the broad scope of the terms 'unfair' or 'deceptive.'" Furthermore, this court recognized that administrative rules were adopted to aid in interpreting R.C. 1345.02(A). *Thompson, supra;* R.C. 1345.05(B)(2).

■ In his first issue, appellant contends that the trial court's granting of appellee's motion to dismiss was against the manifest weight of the evidence. The standard which we must use in reviewing the trial court's entry of dismissal pursuant to Civ.R. 41(B)(2) is whether the dismissal is " * * * erroneous as a matter of law or against the manifest weight of the evidence." *Janell, Inc. v. Woods* (1980), 70 Ohio App.2d 216, 217, 24 O.O.3d 266, 266, 435 N.E.2d 1138, 1139. The Supreme Court of Ohio has defined the "manifest weight" test as follows: "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus. See, also, *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 411–412, 461 N.E.2d 1273, 1276.

■ The evidence at the trial of this matter revealed that Nelson, a consumer, spoke with one or more persons employed by appellee regarding purchase of a 1989 Chevrolet Celebrity station wagon. Charles Day, a salesman for appellee at the time, testified that he was involved with the car deal with Nelson. Day stated that Nelson asked Day, "Well, who drove, you know, who's driven the car?" Day did not know, so he asked Dan Larkin (the general manager of the car dealership) for the information.

Larkin testified that when the salesman came to him to inquire about the station wagon, the salesman informed Larkin that Nelson knew about a lawsuit in which appellee was involved. Larkin knew that the lawsuit dealt with the use of the word "factory official" cars and that a majority of the cars involved in the lawsuit were rental cars. Larkin also testified that he had bought the station wagon and, therefore, knew that it had previously been owned by a rental car company. Larkin did not give Nelson the buy slip, *i.e.*,

the sales slip indicating the sale of the station wagon at a General Motors auction to Larkin until shortly after Nelson purchased the station wagon.

In response to Day's inquiry about the station wagon, Larkin told Day that Mrs. Ed Larkin (the wife of the owner of the car dealership) had been driving the car. Larkin recalls giving this information to Day prior to Nelson's agreeing to purchase the car. Day then told Nelson that Mrs. Larkin had been the previous driver of the station wagon.[1]

Nelson also testified that he had expressed to a third person at the dealership [2] his concern regarding appellee, in the past, selling rental cars as dealership cars and that he hoped that his situation was not like that situation. Nelson also testified that had he known that the station wagon had been owned by Budget Rent-A-Car, he would not have been interested in buying the car. At the trial, an expert testified to the value and valuation of the station wagon.

A failure of a dealership to disclose that an automobile was purchased from another dealer was found by one court to have been a violation of Ohio Adm.Code 109:4-3-08(A). *Oster v. Swad Chevrolet, Inc.* (June 17, 1982), Franklin App. No. 81AP-934, unreported, 1982 WL 4235. The evidence in the case *sub judice* supports a finding that when asked a direct question as to who had previously driven the car, appellee responded with only a partial answer—that the owner's wife had driven the car—and excluded the rental car company's rental use and prior ownership. Therefore, we find that appellant's first issue has merit as the evidence does not support the trial court's judgment.

Under his second issue, appellant contends that the trial court did not use the proper legal standard of the consumer's perception in making its decision. As previously stated, the standard of review under Civ.R. 41(B)(2) is whether the dismissal is " * * * erroneous as a matter of law or against the manifest weight of the evidence." *Janell, Inc., supra,* 70 Ohio App.2d at 217, 24 O.O.3d at 266, 435 N.E.2d at 1139. Additionally, the trial court's discretion to dismiss is not absolute; " * * * the decision to dismiss must be guided by the evidence in the case and the pertinent law. [Citations omitted.]" *Levine v. Beckman* (1988), 48 Ohio App.3d 24, 27, 548 N.E.2d 267, 270. The relevant evidence is recited above.

The pertinent law provides: " * * * it shall be a deceptive act or practice in connection with a consumer transaction for a supplier * * * to misrepresent

---

**1.** Ron May, another salesman with appellee at the time, also testified that he told Nelson that Mrs. Ed Larkin had been driving the station wagon.

**2.** It appears from Dan Larkin's testimony that this third person was a salesman.

the extent of previous use [of an item of goods] * * *." Ohio Adm.Code 109:4–3–08(A). Ohio Adm.Code 109:4–3–16(B)(3) provides:

"(B) It shall be a deceptive and unfair act or practice for a dealer, in connection with the advertisement or sale of a motor vehicle, to:

" * * *

"(3) Use any statement or illustration in any * * * sales presentation which could create in the mind of a reasonable consumer a false impression as to the * * * prior use * * * of any motor vehicle * * *[.]"

Furthermore, " * * * [a]n act is deceptive if it 'has the likelihood of inducing a state of mind in the consumer that is not in accord with the facts.' " *Thompson, supra,* at 3, quoting *Brown v. Bredenbeck* (C.P.1975), 2 O.O.3d 286, 287. See, also, *Crull v. Maple Park Body Shop* (1987), 36 Ohio App.3d 153, 158, 521 N.E.2d 1099, 1104. The " * * * basic test is one of fairness * * *." *Thompson, supra,* at 3–4.

■ We find that appellee's omission of the car's prior ownership by Budget Rent–A–Car had the likelihood of inducing Nelson to believe that appellee was the only owner of the vehicle. This is in light of a direct question posed to appellee's salesman of who had driven the car. There was no time limitation in the question such as who has driven the car immediately prior to this sale. Additionally, appellee knew or had reason to know that Nelson was concerned about the prior lawsuit in which appellee was involved dealing with misrepresentations of cars, the majority of which were former rental cars. Therefore, appellant has presented evidence to sustain his burden of establishing that appellee violated R.C. 1345.02 by violating Ohio Adm.Code 109:4–3–08 and 109:4–3–16(B)(3). Since appellant's third issue under Assignment of Error No. 2 and his Assignment of Error No. 3 both allege that the trial court substituted its own opinion instead of weighing the evidence, we will deal with both below. Appellant's second assignment of error is sustained.

■ Appellant's third assignment of error, as well as his third issue under Assignment of Error No. 2, contends that the trial court substituted its opinion instead of weighing the evidence presented. The trial court's job was to determine whether appellant met his burden of proof by a preponderance of the evidence. The court in *Robinson v. McDougal* (1988), 62 Ohio App.3d 253, 575 N.E.2d 469, stated that since the plaintiff " * * * was relying on acts prohibited by R.C. 1345.02, as defined by rules adopted under R.C. 1345.-05(B)(2)[,] * * * [it was only necessary] to prove that the act or acts prohibited by statute and rule had occurred." *Id.* at 261–262, 575 N.E.2d at 474–475. Therefore, the court concluded that the " * * * degree of required proof is by

a preponderance of the evidence * * *." *Id.* at 262, 575 N.E.2d at 475. A preponderance of the evidence is "[e]vidence which is of greater weight or more convincing than the evidence which is offered in opposition to it; that is, evidence which as a whole shows that the fact sought to be proved is more probable than not." Black's Law Dictionary (5 Ed.1979) 1064; *Travelers' Ins. Co. v. Gath* (1928), 118 Ohio St. 257, 160 N.E. 710.

We find that instead of weighing the evidence in the case *sub judice*, the trial court used its own opinion to conclude that appellee was entitled to a dismissal. At the end of appellant's case, appellee's motion to dismiss, and counsels' arguments, the trial judge made remarks regarding the case. For example, after talking about a rental car versus other used cars, and the public's perception of a former rental car, the trial judge said: "I want a rental car, low mileage, still factory warranty, and that's what this was, right?" The trial judge further stated: "I go to a lot and I see a regular, used car and I see ten thousand miles on it and if I just assume an individual owned it, I begin wondering, Why'd they trade that in with such low mileage, must be a lemon." The trial judge made further comment by stating: "I know a rental agency, they take meticulous care of their cars with constant maintenance." The trial judge also commented on the damages as "perceived damages."

Based upon the above, we find that the trial court abused its discretion by substituting its opinion on the preferability of a used car which had been owned by a rental car company and on the damages as "perceived damages" for that of the evidence presented at the trial. The substitution of its own opinion in place of the evidence presented indicates imposition of a personal preference and thus an arbitrary attitude. "Abuse of discretion" is an attitude by the trial court which is "unreasonable, arbitrary or unconscionable." *Ruwe v. Bd. of Springfield Twp. Trustees* (1987), 29 Ohio St.3d 59, 61, 29 OBR 441, 443, 505 N.E.2d 957, 959. We therefore sustain appellant's third assignment of error.

WILLIAM W. YOUNG, J., concurs.

JONES, P.J., dissents.

*Judgment accordingly.*

JONES, Presiding Judge, dissenting.

The state's request for discovery was far too broad, and the motion to compel was properly denied. The first assignment of error should therefore be overruled.

With respect to the second assignment, I would defer to the vast experience of the trial judge. Most assuredly, I would not grant my approbation to a dealer passing off a rental car as a "factory official" car, but neither would Judge John R. Moser. The court made a commonsense decision in a case involving no damages. And finally, the court's remark with reference to rental cars dealt only with damages, and the lack thereof. I would accordingly also overrule the third assignment and affirm.