{¶ 1} Because I believe that the trial court herein did not abuse its discretion in this discovery matter, I respectfully dissent from the majority opinion. First, I wish to point out that appellant complains on appeal that the trial court did not hold an in camera hearing regarding her allegedly privileged medical records. However, it was appellee, not appellant, who alternatively suggested an in camera review to the court down below. Thus, appellant is seeking something on appeal that she did not seek at the trial level.
 {¶ 2} Next, I note that at the trial level, appellant argued that she had no burden, but rather that her opponent had the burden to show the records were not privileged. Yet, this position was incorrect. As the majority states, the burden is on the party asserting the privilege.Lemley v. Kaiser (1983), 6 Ohio St.3d 258, 263-64. See, also, State exrel. Fisher v. Rose Chevrolet, Inc. (1992), 82 Ohio App.3d 520, 523. Seeing as how appellant did not believe she even had a burden, whether she met her burden is a question that stands out prominently in this case.
 {¶ 3} As the majority and appellant concede, "[a] party is not entitled, as a matter of right, to an in camera hearing when privilege is asserted." State v. Hoop (1999), 134 Ohio App.3d 627, 639. Before conducting an in camera review to decide whether privilege applies in a certain case, the court should "require a showing of a factual basis adequate to support a good faith belief establishing an applicable privilege or that the privilege is outweighed by other rights." Id., quoting United States v. Zolin (1989), 491 U.S. 554, 572,109 S.Ct. 2619, 105 L.Ed.2d 469. In reviewing such matters, it is to be remembered that the privilege asserted must be strictly construed against the party so asserting it because the privilege is wholly statutory and in derogation of the common law. Ohio State Med. Bd. v. Miller (1989),44 Ohio St.3d 136, 140.
 {¶ 4} Here, appellant's response to the motion to compel does not meet this burden. She insists that she has the discretion to pick and choose which medical records are relevant to the accident. As appellee points out, discovery is a process where the opponent can receive material that is reasonably calculated to lead to the discovery of relevantmaterial. In dealing with allegedly privileged medical records, the specific test revolves around that which is causally or historically related to physical or mental injuries that are relevant to the issues in the civil action. R.C. 2317.02(B)(3)(a).
 {¶ 5} Appellant does not meet her burden merely by alleging it is a medical record so it is privileged. Rather, the party asserting the privilege, typically the party who initiated the lawsuit which filing waives most medical privileges, must demonstrate sufficiently that the records requested are not reasonably calculated to lead to the discovery of relevant evidence or evidence that is causally or historically related to the claimed injuries that were put in issue by virtue of the filing of the action.
 {¶ 6} Appellant's complaint, which framed her issues, states that she sustained injuries in her "jaws, neck, back, arms, wrists and various other parts of her body, some of which injuries are reasonably certain to be permanent in nature." Her complaint also stated that the injuries caused "physical pain, mental and emotional anguish and a diminishment in her ability to fully function and enjoy life."
 {¶ 7} First, note that I agree with the majority's conclusion that the trial court did not abuse its discretion when it ordered appellant to produce her dental records without an in camera hearing. However, I disagree with the majority's conclusion regarding any other medical records in general and any OB/GYN records in particular. Appellant is the one who used such broad language to describe her injuries. "[V]arious other parts of her body" could mean injury to her pelvis and thus her reproductive organs. See Nester v. Lima Mem. Hosp. (2000),139 Ohio App.3d 883, 890 (Walters, J. dissenting) (where appellant alleges a myriad of physical and mental ailments, the extensive range of allegations essentially places appellant's entire medical history at issue and thus an in camera review would be pointless). If not, she could have amended her complaint. She also could have asked for a protective order instead of merely responding in a broad and cursory manner.
 {¶ 8} Regardless, her attorney was not even sure these or any other disputed records existed. Rather, it appears from his statements at the hearing that he was arguing for the sake of the policy behind the argument, not for the reality of the situation.
 {¶ 9} A trial court has broad discretion in determining whether to grant an in camera hearing and in determining the scope of discovery. Where the party asserting the privilege argues she has no burden and rests on conclusory statements of privilege, the trial court need not spend its time sorting through medical records to determine whether they are discoverable, especially where that party makes such broad statements regarding her injuries. I do not believe the trial court abused its discretion under the facts and circumstances which exist in this case. I would thus affirm the trial court's decision herein. Accordingly, I dissent to the majority opinion as to its decision on all records except the dental records.