JOURNAL ENTRY AND OPINION
{¶ 1} Fastcorp appeals from an order granting Centerior Service Company's ("Centerior") motion for directed verdict on grounds that the applicable statute of limitations had expired. We affirm.
 {¶ 2} The record reveals that Fastcorp is an advertisement and specialty business that sells various promotional items with specialized logos. In the mid 1990s, Fastcorp and Centerior had a business relationship in which Fastcorp would supply Centerior with various goods, including T-shirts, golf balls, coffee mugs, magnets, etc., for advertisement or promotional purposes. Although the relationship continued for several years, Fastcorp claimed that in late 1996, Centerior stopped paying its invoices. Fastcorp further claims that between 1995 and 1997, Centerior failed to pay over twenty invoices, leaving a total unpaid balance of $40,528.64. Fastcorp purportedly made several calls to Centerior to demand payment, but failed to file any collection actions to recover this money. Nevertheless, Fastcorp continued their business relationship with Centerior.
 {¶ 3} In January 2002, Fastcorp filed suit to collect the unpaid balance stemming from the 1996 invoices. Fastcorp later dismissed the original action but refiled in August 2003. Centerior then moved for summary judgment asserting an expiration of the statute of limitations. The motion was denied and the case proceeded to a bench trial in June 2004.
 {¶ 4} At the close of Fastcorp's case, Centerior moved for a directed verdict and was granted. Fastcorp appeals from this order and claims:
"I. The trial court erred and abused its discretion in grantingdefendant's motion for directed verdict, by misapplying the "predominantpurpose test."
 "II. The trial court erred and abused its discretion in grantingdefendant's motion for directed verdict."
 {¶ 5} We address the assignments of error together, but first address the parties' procedural error in moving for a directed verdict under Civ. R. 50(A)(4) at the close of Fastcorp's case. Tr. at 73, 82.
 {¶ 6} Civ. R. 50(A)(4), states in pertinent part that,
"When a motion for a directed verdict has been properly made, and thetrial court, after construing the evidence most strongly in favor of theparty against whom the motion is directed, finds that upon anydeterminative issue reasonable minds could come to but one conclusionupon the evidence submitted and that conclusion is adverse to such party,the court shall sustain the motion and direct a verdict for the movingparty as to that issue."
 {¶ 7} Although Centerior moved for a directed verdict and the court captioned its ruling as a grant of the same, we find that the motion was improper because a motion for a directed verdict applies only in actions tried to a jury, not to a court. Altimari v. Campbell (1978),56 Ohio App.2d 253, 256. See, also, Johnson v. Tansky SawmillToyota, Inc. (1994), 95 Ohio App. 3d 164, 167. In such a case, a motion for directed verdict is deemed to be a motion to dismiss pursuant to Civ.R. 41(B)(2). Altimari, supra.
 {¶ 8} Civ.R. 41(B)(2) states,
"After the plaintiff, in an action tried by the court without a jury,has completed the presentation of the plaintiff's evidence, thedefendant, * * *, may move for a dismissal on the ground that upon thefacts and the law the plaintiff has shown no right to relief. The courtas trier of the facts may then determine them and render judgment againstthe plaintiff or may decline to render any judgment until the close ofall of the evidence."
 {¶ 9} Unlike Civ.R. 50(A)(4), Civ.R. 41(B)(2) permits the court to weigh the evidence and assess the credibility of the witnesses. Norrisv. Weir (1987), 35 Ohio App. 3d 110, 116; Janell, Inc. v. Woods
(1980), 70 Ohio App.2d 216, 217; and Jacobs v. Bd. of Cty. Commrs.
(1971), 27 Ohio App.2d 63, 65. The issue under Civ.R. 41(B)(2) is not whether there is sufficient evidence to take the case to the jury, but instead it is to determine whether the plaintiff has shown his right to relief in light of the standard of proof required. Central Motors Corp.v. Pepper Pike (1979), 63 Ohio App.2d 34, 49. The distinction between the two rules is made because the judge, not the jury, is the trier of fact.
 {¶ 10} Upon review of a trial court's granting of a Civ.R. 41(B)(2) motion, our standard becomes whether the judgment is against the manifest weight of the evidence or contrary to law. Altimari,56 Ohio App.2d at 256. We then must consider only whether there is any basis which supports the trial court's decision. C.E. Morris Co. v. FoleyConstr. Co. (1978), 54 Ohio St.2d 279, at syllabus.
 {¶ 11} During Fastcorp's case in chief, only one witness, Robert Gaines, the President of Fastcorp, was called to testify. Gaines testified that his business provided ad specialities to various clients, and that his company provided both goods and services to its customers but did not maintain an inventory, further testifying that each order required him to provide or secure a service. Tr. at 5, 8, 34.
 {¶ 12} Following Gaines' testimony, the court found that the contract in question was one of goods, not services, and that for this reason, R.C. 1302.98(A) and the corresponding four-year statute of limitations applied. Fastcorp, however, claims that the court erred in its misapplication of the "primary purpose test."
 {¶ 13} "Ohio courts apply the predominant purpose test to mixed contracts to determine whether the predominant purpose of the contract is for the sale of goods." Ankle Foot Care Centers v. Infocure Systems,Inc. (N.D.Ohio 2001), 164 F.Supp.2d 953. See, also, Allied Erecting Dismantling Co. v. Auto Baling Co. (1990), 69 Ohio App.3d 502. Therefore "the test for the inclusion in or the exclusion from [R.C. Chapter 1302.01] sales provisions is whether the predominant factor and purpose of the contract is the rendition of service, with goods incidentally involved, or whether the contract is for the sale of goods, with labor incidentally involved." Allied Indus. Serv. Corp. v. KasleIron Metals (1977), 62 Ohio App.2d 144, 147.
 {¶ 14} In the instant case, each invoice specifically referenced the goods to be provided, and each contained various amounts due for the T-shirts, mugs, magnets, bags, patches, pins, etc., with individual invoice amounts ranging from approximately $143 to $9035. In the twenty invoices submitted into evidence, only four contained any reference to a "service," and even then, the only services referenced are set-up charges of $20 to $144. In other words, Fastcorp only claimed approximately $233 for services in a claimed bill for goods of over $40,000.
 {¶ 15} For these reasons, we find no error in the court's determination that the primary purpose of the contract between Fastcorp and Centerior was for goods and not services. As such, R.C. 1302.98(A) applied to bar Fastcorp's claims as against the requisite statute of limitations.
 {¶ 16} Fastcorp's assignments of error lack merit. The judgment of the trial court is affirmed.
It is ordered that appellee shall recover of appellant costs herein taxed.
The court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., And Rocco, J., concur