{¶ 19} I respectfully dissent.
 {¶ 20} The majority concludes that "Lori met her burden to establish a good faith belief that the release of her medical records may reveal privileged information, i.e., evidence not relating causally or historically to mental or physical conditions relevant to the custody issues." This conclusion is not supported by any evidence in the record. As acknowledged by the majority, "[w]herever custody of children is in dispute, the party seeking custodial authority subjects him or herself to extensive investigation of all factors relevant to the permanent custody award. Of major importance * * * is the mental and physical health of not only the child but also the parents."Schill v. Schill, 11th Dist. No. 2002-G-2465, 2004-Ohio-5114, at ¶ 47 (citation omitted) (emphasis sic). Lori's filing of the complaint of divorce and request for custody of the children "waives privilege as to any privileged communication that relates to an issue in the civil action." Id. at ¶ 46 (citation omitted);Whiteman v. Whiteman (Jun. 26, 1995), 12th Dist. No. CA94-12-229, 1995 Ohio App. LEXIS 2700, at *6. Unquestionably, Lori's physical and mental health is relevant in a best interest analysis, as it pertains to the custody of the Sweets' minor children. See 3109.04(F)(1)(e); Butland v. Butland (Jun. 27, 1996), 10th Dist. No. 95APF09-1151, 1996 Ohio App. LEXIS 2773, at *9-*10.
 {¶ 21} Greg Sweet motioned the trial court for an "order allowing the release of Plaintiff's medical records for the reason that Mrs. Sweet has stated in a previous deposition that she was being treated by a physician for a condition that may affect directly the care of the parties' children * * *."
 {¶ 22} Attached to the motion was an affidavit in which Greg Sweet alleged he was not aware that Lori was being treated or being prescribed medication for mood swings until she disclosed this information during deposition, and he expressed concern that she might be withholding other relevant information relating to her physical and mental health.
 {¶ 23} In her affidavit attached to the brief in opposition to Greg's motion for release of medical records, Lori stated that she "did not believe" Greg needed the medical records and asserted that the request was a "harassment tool."
 {¶ 24} Under Civ.R. 26, the parties have "broad powers of discovery." State ex rel. Fisher v. Rose Chevrolet, Inc.
(1992), 82 Ohio App.3d 520, 523. "At the same time, a court may limit discovery to prevent `fishing expeditions' in which a party gives an overly broad discovery request in the hopes of stumbling across unforeseen information that aids his case." Kalaitsidesv. Greene (Jun. 12, 1996), 9th Dist. No. 17196, 1996 Ohio App. LEXIS 2395, at *10 (emphasis added). However, the court's power to limit discovery in no way modifies the well-established rule that the party opposing the discovery request always bears the burden of establishing, via operative facts, "that the requested information would not reasonably lead to the discovery of admissible evidence." Fisher, 82 Ohio App.3d at 524.
 {¶ 25} In opposing the discovery request, Lori does not deny that she consulted a physician for treatment for "mood swings." Lori simply alleged that the motion was a "fishing expedition," filed for the purpose of harassment, without citing to any underlying factual basis for her allegations. As a result, Lori has wholly failed to sustain her burden. For this court to rule otherwise creates a real risk of eviscerating the discovery process in cases of divorce and custody which, unfortunately, are all too often characterized by the need for judicial scrutiny of what otherwise might be considered confidential information.
 {¶ 26} An in camera inspection is likewise not necessary in this case. "Because no physician-patient privilege existed at common law, the exercise of the privilege must be strictly construed against the party seeking to assert it." Menda v.Springfield Radiologists, Inc. (2000), 136 Ohio App.3d 656, 659
(citation omitted). Here, the majority does not dispute that Loriwaived her privilege with respect to physical and mental health issues relevant to the best interest of her children. Moreover, "[a] party is not entitled, as a matter of right, to an in camera [inspection] when privilege is asserted," unless the party demonstrates "a factual basis, adequate to support a good faith belief establishing an applicable privilege or that the privilege is outweighed by other rights." Patterson, 2003-Ohio-5464, at ¶19; Yoe v. Cleveland Clinic Found., 8th Dist. No. 81335, 2003-Ohio-875, at ¶ 14 (citations omitted) (emphasis added). Again, no factual basis whatsoever is offered by Lori in opposition to Greg's discovery motion. Without a sufficient factual predicate to the contrary, the trial court did not abuse its discretion in granting Greg's motion to release medical records without an in camera inspection.
 {¶ 27} Contrary to the majority's assertion, there is nothingin the record to indicate that the request for release of medical records was overly broad on its face. Lori's filing of the civil action put any and all questions about her physical and mental health directly in issue. Greg's discovery request specifically referred to Lori's treatment for "mood swings" by her physician and requested records from a single treating physician located in Erie, Pennsylvania. Furthermore, we have no proof in the record, nor does Lori allege in her motion in opposition, that these records encompass "all pre-marital records ranging from Lori's childhood years through her adult life." Even if this had been the case, Lori has not alleged any facts showing that these records are irrelevant to issues relating to the care and custody of her children.
 {¶ 28} Moreover, the majority's reliance on Neftzer is inapposite, since the issue in that case was whether the trial court properly granted a motion to compel four of appellant's health care providers to respond to subpoenas served to them by the appellee, when no notice of the subpoenas was provided to the appellant. 140 Ohio App.3d at 620, 621-622. In the instant matter, discovery was requested pursuant to a properly filed motion. Thus, the burden was on Lori, and Lori alone, to demonstrate operative facts showing that the request was not reasonably designed to lead to discoverable information. It is not the role of the appellate court to engage in speculation and supposition when an appellant fails to allege any facts in support of their position. See State v. Lorraine (Feb. 23, 1996), 11th Dist. No. 95-T-5196, 1996 Ohio App. LEXIS 642, at *9 ("[a]n appellate court is not a performing bear, required to dance to each and every tune played on an appeal") (citation omitted).
 {¶ 29} Accordingly, I would affirm the decision of the Ashtabula County Court of Common Pleas, Juvenile Division.