OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Plaintiff-Appellant, Melissa Patterson, appeals the decision of the Belmont County Court of Common Pleas which granted Defendant-Appellee, John Deere/Sentry Insurance Company's, motion to compel Patterson to produce all records of her care and treatment by health care providers, doctors, and counselors since the date of the accident that this case arose out of. The sole issue Patterson presents to this court is whether the trial court properly ordered that she produce certain medical records which she contends are unrelated to her underlying claim.
 {¶ 2} Generally, a person's medical records are privileged and, therefore, undiscoverable. But if a person files a civil action, that person waives any privilege on medical records which are causally or historically related to the issues in that civil action. Patterson's complaint alleged injuries to specific parts of her body, "various other parts of her body", physical pain, mental and emotional anguish, and a diminishment in her ability to fully function and enjoy life. These allegations are broad, but it appears as if some of her medical records may be unrelated to the issues in this case. Accordingly, the trial court should have made an in-camera inspection of those records prior to determining whether they were discoverable. Because the trial court did not do so, its judgment is affirmed in part, reversed in part and this case is remanded for further proceedings.
 Facts {¶ 3} Patterson was injured in an automobile accident in St. Clairsville, Ohio. As a result of that accident, she filed suit against, among others Sentry. That complaint made the following allegations:
 {¶ 4} "10. As a direct and proximate result of the conduct of the Defendant, Thomas M. Zdanski, Jr., the plaintiff, Melissa R. Patterson, suffered injuries to her jaws, neck, back, arms, wrists and various other parts of her body, some of which injuries are reasonably certain to be permanent in nature.
 {¶ 5} "11. As a direct and proximate result of the conduct of the Defendant, Thomas M. Zdanski, Jr., the plaintiff, Melissa R. Patterson, has suffered physical pain, mental and emotional anguish and a diminishment in her ability to fully function and enjoy life."
 {¶ 6} During discovery, Sentry served a set of requests for production of documents to Patterson. The first request asked for "[a] complete and accurate copy of any and all medical records pertaining to care and treatment rendered since the date of the accident." Patterson objected to this request as being overly broad, seeking irrelevant information which is not reasonably calculated to lead to the discovery of admissible evidence, and seeking privileged information and refused to provide all those documents. Because Patterson refused to answer those interrogatories, Sentry moved the trial court to compel her to provide those records. After a hearing on the matter, the trial court issued a judgment entry granting Sentry's motion.
 Production of Privileged Material {¶ 7} Patterson's sole assignment of error on appeal asserts:
 {¶ 8} "The trial court erred in granting the Defendant, Sentry's, motion to compel the production of all of the Plaintiff's post collision medical records."
 {¶ 9} Patterson argues the trial court erred when it ordered the production of all of Patterson's medical records since the accident without conducting an in-camera inspection of those records because some of her medical records are unrelated to her claims in this case and are, therefore, privileged. In response, Sentry argues the complaint frames the issues and that the complaint in this case is so broad that all medical records could theoretically be related to Patterson's claims. Accordingly, Sentry argues an in-camera inspection would be pointless and that the trial court did not abuse its discretion when it ordered the production of those documents.
 {¶ 10} A trial court has broad discretion when dealing with discovery issues. Mieczkowski v. King (Nov. 9, 2001), 7th Dist. No. 00-JE-35, at 2. Accordingly, a trial court's decision regarding whether material was discoverable or privileged will only be reversed when the trial court abuses that discretion. Id. An abuse of discretion connotes more than an error of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Tracy v. Merrell DowPharmaceuticals, Inc. (1991), 58 Ohio St.3d 147, 152.
 {¶ 11} We realize the Tenth District concluded that an appellate court should be able to review this particular issue de novo. But we disagree with its reasoning. It believes that since this issue "turns on the proper interpretation of what are `causally or historically' related medical records" under the statute, that the issue should "be reviewed as a matter involving an issue of law." Ward v. Johnson's IndustrialCaterers, Inc. (June 25, 1998), 10th Dist. No. 97APE11-1531, at 5. But most discovery issues involve the proper interpretation of a statute or rule and are reviewed using an abuse of discretion standard. See State exrel. The V Cos. v. Marshall (1998), 81 Ohio St.3d 467 (Applies abuse of discretion standard even though case turned in part on whether a party was given notice of a deposition without designating with reasonable particularity the matters on which his examination was requested as required by Civ.R. 30(B)(5)); State ex rel. Vindicator Printing Co. v.Watkins (1993), 66 Ohio St.3d 129 (Applies abuse of discretion standard even though case involved interpretation of what are "confidential law enforcement investigatory records" and "trial preparation records" under R.C. 149.43). See, also, Wilson v. Barnesville Hosp., 151 Ohio App.3d 55,2002-Ohio-5186, ¶ 30. We see no reason to treat this case any differently. Accordingly, we will continue to apply an abuse of discretion standard when reviewing discovery matters similar to those involved in this case.
 {¶ 12} As this court has noted, Ohio does not recognize a common law physician-patient privilege, but the legislature has statutorily created such a privilege. Wargo v. Buck (1997), 123 Ohio App.3d 110,119-120. The purpose of the physician-patient privilege is to create an atmosphere of confidentiality, encouraging the patient to be more open and honest with the physician thereby enabling more complete treatment. Id. at 120. "Because the privilege is entirely statutory and in derogation of the common law, it must be strictly construed against the party seeking to assert it." Id.
 {¶ 13} As a general rule, a physician or dentist may not testify about any communication the patient made to the physician or dentist or any advice that person gave to the patient. R.C. 2317.02(B)(1). A communication includes "any medical or dental, office, or hospital communication such as a record, chart, letter, memorandum, laboratory test and results, x-ray, photograph, financial statement, diagnosis, or prognosis." R.C. 2317.02(B)(5)(a). This general rule is subject to certain exceptions. For instance, the testimonial privilege the statute grants does not apply when the patient files a civil action. R.C.2317.02(B)(1)(a)(iii). But this exception does not totally abrogate the privilege.
 {¶ 14} "If the testimonial privilege described in division (B)(1) of this section does not apply as provided in division (B)(1)(a)(iii) of this section, a physician or dentist may be compelled * * * to submit to discovery under the Rules of Civil Procedure only as to a communication * * * that related causally or historically to physical or mental injuries that are relevant to issues in the * * * civil action* * *." R.C.2317.02(B)(3)(a).
 {¶ 15} "Hence, according to R.C. 2317.02(B), appellee may discover appellant's communications to his physicians, including medical records, but only those that relate causally or historically to his claimed injuries." Mieczkowski.
 {¶ 16} "The compulsory waiver of the privilege effectuated by the filing of `any other type of civil action' was not always part of the privilege, but was introduced into the statute by the Ohio Tort Reform Act of 1987." Wargo at 120. It was enacted to prevent patients from filing personal injury actions and then using the privilege to avoid responding to discovery requests. Id. "[I]f the physical condition of the patient is at issue in the case, it would be a burlesque upon logic to allow the patient to claim the privilege." Robert A. Wade, Note, The Ohio Physician-Patient Privilege: Modified, Revised, and Defined (1989),49 Ohio St.L.J. 1147, 1157. Accordingly, when a plaintiff makes claims as broad as Patterson's, i.e. injuries to "various other parts of her body" and "physical pain, mental and emotional anguish and a diminishment in her ability to fully function and enjoy life", then that person waives a broad area of privilege.
 {¶ 17} Generally, when there is a dispute over whether certain medical records are causally or historically related to the issues in the case, a trial court should conduct an in camera inspection of those records in order to make its determination. See Neftzer v. Neftzer
(2000), 140 Ohio App.3d 618; Nester v. Lima Mem. Hosp. (2000),139 Ohio App.3d 883; Menda v. Springfield Radiologists, Inc. (2000),136 Ohio App.3d 656; Weierman v. Mardis (1994), 101 Ohio App.3d 774;Ward; see, also, Trangle v. Rojas, 150 Ohio App.3d 549, 2002-Ohio-6510
(It is incumbent on a trial court to conduct an in-camera review of allegedly privileged material which may be discoverable). This inspection serves two important purposes:
 {¶ 18} "First, it allows the trial court to make an informed decision as to the evidentiary nature of the material in question rather than depending on the representations of counsel. Secondly, the in-camera inspection allows the trial court to discern that aspect of the evidence, which has evidentiary value from that which does not, as well as to allow the trial court to restrict the availability of that evidence, which has limited evidentiary value." State v. Geis (1981),2 Ohio App.3d 258, 260; see, also, Wilson at ¶ 16-18.
 {¶ 19} But before engaging in an in-camera inspection of the material, "`the judge should require a showing of a factual basis adequate to support a good faith belief by a reasonable person' that in camera review of the materials may reveal evidence establishing an applicable privilege or that the privilege is outweighed by other rights."State v. Hoop (1999), 137 Ohio App.3d 627, 639, quoting United States v.Zolin (1989), 491 U.S. 554, 572. This is because the party opposing the discovery request has the burden to establish that the requested information would not reasonably lead to discovery of admissible evidence. State ex rel. Fisher v. Rose Chevrolet, Inc. (1992),82 Ohio App.3d 520, 523. Thus, if the trial court believes there is not a good faith belief that a review of the materials may reveal privileged material, then it does not need to conduct an in-camera inspection of those materials.
 {¶ 20} In this case, Patterson insists that the trial court conduct an in camera inspection of her OB/GYN and dental records before ordering them to be discovered since these records are allegedly unrelated to the injuries sustained in the accident. But Patterson's arguments in regard to her dental records are meritless. In her complaint, Patterson specifically claimed an injury to her jaw. Since she claimed an injury to her jaw, it was reasonable for the trial court to order her to produce her dental records without first examining those records in an in camera inspection.
 {¶ 21} The same does not hold true for Patterson's OB/GYN records. Patterson's complaint may have made broad allegations, but nothing in the complaint indicated that she was likely to claim injuries which would be found in her OB/GYN records. It is highly likely that there is nothing in those medical records which would indicate an alternative reason for emotional distress. Simply stated, Patterson has demonstrated that a review of her OB/GYN records may reveal privileged information. There was no way for the trial court to determine whether this material was discoverable without an in-camera inspection of those medical records. Accordingly, the trial court abused its discretion by ordering that all Patterson's medical records be produced without first performing an in-camera inspection of the allegedly privileged OB/GYN material. Patterson's sole assignment of error is meritorious.
 {¶ 22} Accordingly, the judgment of the trial court is affirmed in part, reversed in part and this case is remanded for further proceedings.
Donofrio, J., concurs.
Vukovich, J., dissents in part with dissenting opinion.