JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Raye H. Groening ("plaintiff"), appeals from the April 17, 2008 judgment entry issued by the Cuyahoga County Court of Common Pleas that partially granted defendants-appellees, Pitney Bowes, Inc., Brian Philbin ("Philbin"), and Brian Vollant's ("Vollant") (collectively referred to as "Pitney Bowes"), motion to compel and ordered plaintiff to release her obstetrics/gynecology ("ob/gyn") records for "the time frame encompassing [her] two pregnancies while employed with Defendants" without conducting an in camera inspection to determine whether they were causally or historically related to physical or mental injuries at issue in this matter. For the following reasons, we reverse and vacate and remand the case to the trial court with instructions.
 {¶ 2} The following facts are relevant to this appeal: On October 15, 2007, plaintiff filed this action against Pitney Bowes alleging that she had been discriminated against due to her gender, her pregnancies, and her status as a mother and caregiver to her children. Plaintiff alleged that she suffered physical and emotional distress as a result of their actions.
 {¶ 3} On October 30, 2007, Pitney Bowes served plaintiff with interrogatories and document requests and asked plaintiff to execute and return an authorization for the release of her patient health information. Pitney Bowes also provided plaintiff with a proposed stipulated protective order with regard to any confidential information contained therein. *Page 4 
 {¶ 4} On February 6, 2008, plaintiff refused to release her medical records in toto to Pitney Bowes. Rather, plaintiff proposed that the medical records related to her claim would be released to Pitney Bowes and any withheld records would be delivered to the court for an in camera inspection. The parties engaged in negotiations regarding the procedure that would accomplish this goal and ultimately agreed that plaintiff would provide Pitney Bowes with an index of all records withheld from production and delivered to the court.[1]
 {¶ 5} On February 25, 2008, plaintiff indicated that she would not produce or release any of her ob/gyn records.
 {¶ 6} On March 5, 2008, Pitney Bowes filed a motion to compel the production of plaintiff's ob/gyn records from the year 2000 to the present claiming that the records were causally and historically related to her claims of emotional distress. On March 24, 2008, plaintiff filed a motion to strike, or, in the alternative, brief in opposition to the motion to compel arguing that her ob/gyn records are privileged. Plaintiff also requested an in camera review.
 {¶ 7} On April 17, 2008, the trial court partially granted Pitney Bowes's motion to compel and ordered plaintiff to produce her ob/gyn records for the time between the beginning of her first pregnancy and her six-week gynecological follow-up after *Page 5 
her second pregnancy. It is from this order that plaintiff now appeals and raises one assignment of error for our review.
 {¶ 8} "I. The trial court erred when it ordered the disclosure of privileged communications between appellant Raye H. Groening and her obstetrician/gynecologist without first conducting an in camera inspection of the records to determine whether these records are causally or historically related to physical or mental injuries at issue in this employment-discrimination case."
 {¶ 9} In her sole assignment of error, plaintiff argues that the trial court erred when it granted Pitney Bowes's motion to compel and ordered her to produce her ob/gyn records. Plaintiff contends that her ob/gyn records are privileged and should not have been released without an in camera inspection.
 {¶ 10} A trial court has broad discretion regarding discovery issues; however, this is an appeal concerning the interpretation and application of R.C. 2317.02, which "should be reviewed as a matter involving an issue of law." Porter v. Litigation Management, Inc., et al. (May 11, 2000), Cuyahoga App. No. 76159, citing Ward v. Johnson's Indus.Caterers, Inc. (June 25, 1998), Franklin App. No. 97APE11-1531.
 {¶ 11} Pursuant to R.C. 2317.02, a person's medical records are privileged and, therefore, undiscoverable. See, also, Ohio State Med.Bd. v. Miller (1989), 44 Ohio St.3d 136, 139-140. If, however, a person files a civil action, that person waives any privilege of medical records that are causally or historically related to the issues in thatcivil action. See R.C. 2317.02(B)(3)(a)(iii). *Page 6 
 {¶ 12} Generally, when there is a dispute over whether certain medical records are causally or historically related to the issues in the case, a trial court should conduct an in camera inspection of those records in order to make its determination. See Neftzer v. Neftzer (2000),140 Ohio App.3d 618; Nester v. Lima Mem. Hosp. (2000), 139 Ohio App.3d 883,2000-Ohio-1916.
 {¶ 13} Given the sensitive nature of the information at issue, the trial court should have conducted an in camera inspection in order to determine which, if any, of the subject records are causally or historically related to plaintiff's claims. Porter, supra.
 {¶ 14} Plaintiff's sole assignment of error is sustained.
 {¶ 15} The judgment of the trial court is reversed, and the challenged order is vacated. Upon remand, the trial court is instructed to conduct an in camera inspection of the requested medical records to determine which records, if any, are pertinent to the issues in this action. Only medical information that relates to issues in this case are discoverable.
It is ordered that appellant recover from appellees her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 7 
KENNETH A. ROCCO, P.J., and MARY J. BOYLE, J., CONCUR.
[1] See Brief of Pitney Bowes, Exhibits D, E, F, G, and H. *Page 1