[Cite as *Hartzell v. Breneman*, 2011-Ohio-2472.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| JOHN HARTZELL, et al., | ) | |
| | ) | CASE NO.   10 MA 67 |
| PLAINTIFFS-APPELLANTS, | ) | |
| | ) | |
| - VS - | ) | O P I N I O N |
| | ) | |
| DANIEL BRENEMAN, et al., | ) | |
| | ) | |
| DEFENDANTS-APPELLEES. | ) | |


CHARACTER OF PROCEEDINGS:    Civil Appeal from Common Pleas Court,
Case No. 09CV2589.


JUDGMENT:    Affirmed.


APPEARANCES:
For Plaintiffs-Appellants:    Attorney Robert Vizmeg
21 North Wickliffe Circle
Youngstown, Ohio  44515



For Defendants-Appellees:    Attorney Adam Carr
5824 Akron-Cleveland Road, Suite A
Hudson, Ohio  44236



JUDGES:
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite
Hon. Mary DeGenaro


Dated:  May 18, 2011

VUKOVICH, J.

¶{1}    Plaintiffs-appellants John and Sandra Hartzell appeal the decision of the Mahoning County Common Pleas Court compelling them to sign medical releases as requested by defendant-appellee Allstate Insurance.  Appellants claim that the trial court erred in ordering them to sign releases without ensuring the medical records that would be generated were causally or historically related to the injuries involved in the action.

¶{2}    However, appellants waived their claims of privilege by failing to provide Allstate with even the unprivileged medical records, failing to file a privilege log, and failing to submit the records alleged to be privileged to the court for an in-camera inspection as a result of their insistence that the records be held by a third-party service company before they constructed their privilege log.  For the following reasons, the judgment of the trial court is affirmed.

## STATEMENT OF THE CASE

¶{3}    After being injured in a July 11, 2007 car accident, appellants filed suit against an uninsured motorist and Allstate, their uninsured motorist insurance carrier.  At deposition, Mr. Hartzell testified that he had pre-existing neck, back, and shoulder problems from a 1991 car accident and that he had been taking pain medication since 1997.  In a discovery request, Allstate asked for appellants' medical records or for them to sign medical releases.

¶{4}    Appellants responded by stating that they would agree to provide medical records on a "hold for view" basis, where they would be released to a third-party record service so that appellants' counsel could review them and construct a privilege log of any records that are not causally or historically related to the claims. Appellants also asked that complete copies of the records be provided to them at no cost.

¶{5}    Allstate then sent a letter reiterating its request for medical records or releases.  As to Mr. Hartzell, they asked for medical records from six physicians and a spine center.  Regarding Mrs. Hartzell, they asked for her medical records for all

treatment provided by a physician to whom she had been referred after the accident. Appellants again set forth their position on the "hold for view" process.

¶{6} Allstate filed a motion to compel appellants to sign medical authorizations. Appellants responded that the "hold for view" process was necessary so a privilege log could potentially be created and so the court could determine whether any documents were causally or historically related to the issues. Appellants noted that not all medical records of a plaintiff suing for a car accident are automatically discoverable.

¶{7} On April 8, 2010, the trial court granted Allstate's motion to compel, ordering appellants to sign the medical authorizations. Appellants filed a timely appeal from this final order. See R.C. 2505.02(A)(3) (discovery of privileged matter is a provisional remedy), (B)(4) (order that grants or denies a provisional remedy is appealable if it in effect determines the action and prevents judgment, both with respect to the provisional remedy, and if appellant would not be afforded meaningful or effective remedy by appeal after final judgment as to all issues). See, also, *Bednarik v. St. Elizabeth Health Ctr.*, 7th Dist. No. 09MA34, 2009-Ohio-6904, ¶9.

¶{8} We note here that Allstate has recently filed a motion to dismiss for lack of a final order on the grounds that although an order concerning the discovery of privileged matter is appealable, the order here does not deal with privileged matter. Allstate relies on a recent Supreme Court case, which held that a non-party surgeon cannot claim privilege in order to refuse to testify at deposition about his own medical history pertinent to whether he had a disease that he could have transmitted to his surgical patient who was suing the hospital as a result of the patient's contracting the disease during surgery. *Ward v. Summa Health Syst.*, 128 Ohio St.3d 212, 2010-Ohio-6275 (in an appeal from a dismissal without prejudice for failure to file affidavit of merit, which failure was the result of the trial court limiting the available information by granting protective order in favor of non-party surgeon).

¶{9} The Court noted that the testimony was being sought from the surgeon about his own medical information from his own recollection in his capacity as a patient, not in his capacity as a physician. Id. at ¶26. The Court held that in construing the statutory privilege strictly, it does not protect a patient from disclosing

their own medical information when relevant to the subject matter of the action. Id. at ¶27.

¶{10} *Ward* is distinguishable as it dealt with a potential defendant who would not *testify* about his own relevant medical condition based upon his claim that he was a physician. It did not deal with that potential defendant refusing to sign a release of medical records, thus forcing the release of a privilege that his physicians could otherwise have asserted on his behalf. Here, there was no refusal to testify by the patients. There was a refusal to sign releases which would require physicians to release medical information, some of which may be privileged, about the patients.

¶{11} Moreover, the *Ward* Court specifically pointed out that there was no dispute as to the information's relevancy. Id. at ¶12. And, the Court limited its holding to state that the privilege does not protect the patient from disclosing their own information "when relevant." Id. at ¶27. Here, appellants' whole argument is that much of the information is not relevant. In other words, if the information is not relevant, then it remains privileged. Thus, to answer the question of privilege, the relevancy of the information must be reviewed.

¶{12} In order to determine whether information is privileged, the reviewing court would have to conduct a merit review. Allstate's argument would mean that if appellants' privilege argument is correct, then the case is appealable; but, if their privilege argument is incorrect, then the case is not appealable. Appealability would be based upon the merits of the case. However, a case does not lose its appealability after a merit review discloses that the information is not in fact privileged. The final appealable order statute deals with the *granting or denying* of a provisional remedy and defines a provisional remedy as *a proceeding* for the discovery of privileged matter. See R.C. 2505.02(A)(3), (B)(4).

¶{13} If we determine that the information is not privileged, then we have reviewed that issue in full. We would not then dismiss the appeal that we just reviewed. Rather, we would affirm the trial court's order; otherwise, the same exact issue would be subject to appeal again after the end decision in the case. Thus, Allstate's motion to dismiss is overruled.

<u>ASSIGNMENT OF ERROR</u>

¶{14} Appellants' sole assignment of error provides:

¶{15} "THE TRIAL COURT ERRED WHEN IT ENTERED AN ORDER COMPELLING PLAINTIFF/APPELLANT TO EXECUTE A BLANKET MEDICAL AUTHORIZATION RELEASING CONFIDENTIAL AND PRIVILEGED MEDICAL INFORMATION."

¶{16} Appellants argue that the medical authorizations should be limited to certain areas of the body to ensure that they are causally and historically relevant. Appellants urge that the court should have ordered the records produced on a hold for view basis so appellants could review the records and construct a privilege log and so Allstate could then object to any disputed documents within the privilege log which would then require the trial court's in-camera inspection. Allstate responds that it is not possible to determine if the records are all causally or historically related to the injuries at issue because appellants failed to meet their burden of showing this by failing to produce the records; essentially a waiver argument.[1]

¶{17} Pursuant to Civ.R. 26(B)(1), parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. It is not ground for objection that the information sought will be inadmissible at the trial as long as the information appears reasonably calculated to lead to the discovery of admissible evidence. Civ.R. 26(B)(1).

¶{18} Communications between a physician and patient are generally privileged. See R.C. 2317.02(B)(1). Where a patient files a civil action, the testimonial privilege is lifted to a certain extent. See R.C. 2317.02(B)(1)(a)(iii). However, the physician can be compelled to testify or submit to discovery only as to communications

---

[1]Allstate also argues that the records were discoverable pursuant to the terms of the insurance policy, which purportedly states that the insurer is entitled to the insured's medical records pertinent to the claim. First, this argument and the policy were not before the trial court when it ruled on the motion to compel. The policy could not be added to the record after the trial court's final judgment as Allstate attempted to do in a supplemental motion filed in the trial court two months after the trial court's entry. Thus, the issue is not properly before this court. See *State v. Ishmail* (1978), 54 Ohio St.2d 402, 405-406. In any event, even if the policy requires the production of pertinent medical records, there is still the issue of whether the records sought were *pertinent* to the claim, which is basically the causally or historically related test already at issue.

that are "related causally or historically to physical or mental injuries that are relevant to issues" in the civil action. R.C. 2317.02(B)(3)(a).

¶{19} When information subject to discovery is withheld on a claim that it is privileged, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim. Civ.R. 26(B)(6)(a). This rule essentially requires the construction of a privilege log.

¶{20} Upon motion and upon good cause, the court can issue any protective order that justice requires to protect a person from annoyance, embarrassment, oppression, or undue burden or expense, including one that limits the scope of discovery or that orders submission of the material under seal to await further orders. Civ.R. 26(C). The other party may move for an order compelling discovery, requesting the court to compel an answer to an interrogatory or to compel inspection. Civ.R. 37(A)(2). A failure to serve answers or objections to interrogatories or to permit inspection is not excused on the ground that the discovery sought is objectionable if the party fails to seek a Civ.R. 26(C) protective order. Civ.R. 37(D).

¶{21} We review a trial court's discovery decision for an abuse of discretion. See *State ex rel. The V. Cos. v. Marshall* (1998), 81 Ohio St.3d 467, 469; *Patterson v. Zdanski*, 7th Dist. No. 03BE1, 2003-Ohio-5464, ¶10-11. Yet, legal questions on the scope of privilege are reviewed de novo. *Ward*, 128 Ohio St.3d 212 at ¶13.

¶{22} Courts generally require the trial court to conduct an in-camera inspection of documents claimed to be subject to privilege on the grounds that the records are not causally or historically related to the injuries at issue in the action. *Patterson*, 7th Dist. No. 03BE1 at ¶17. See, also, *Folmar v. Griffin*, 166 Ohio App.3d 154, 2006-Ohio-01849, ¶11-12, 25 (where the Fifth District remanded for an in-camera review after the requesting party filed a motion to compel and the party asserting privilege filed a motion to quash); *Neftzer v. Neftzer* (2000), 140 Ohio App.3d 618, 622 (where the Twelfth District remanded for in-camera inspection after a motion to quash was filed by the party claiming privilege).

¶{23} However, the burden is on the party claiming privilege so that an in-camera hearing is unnecessary if that party fails to show a factual basis for believing in

good faith that the records are not properly discoverable. *Patterson*, 7th Dist. No. 03BE1 at ¶19. See, also, *Waldmann v. Waldmann* (1976), 48 Ohio St.2d 176, 178. Moreover, a claim of privilege can be waived where no privilege log is submitted. *McPherson v. Goodyear Tire & Rubber Co.*, 9th Dist. No. 20579, 2001-Ohio-1517, ¶11, citing *Peat, Marwick, Mitchell & Co. v. West* (C.A. 10, 1984), 748 F.2d 540, 542. See, also, *Huntington Natl. Bank v. Dixon*, 8th Dist. No. 93604, 2010-Ohio-4668, ¶22-25 (stating that the trial court had discretion to determine waiver on a case-by-case basis, implying that the refusal to allow a late privilege log would not be disturbed).

¶{24} Here, appellants did not seek a protective order but merely filed a response to the motion to compel. They agreed to construct a privilege log in their discovery negotiations but did not do so in the three months between their objection to the interrogatory/production request and the motion to compel, or thereafter when responding to the motion to compel. Rather, they proposed that the records be produced to some third-party before they reviewed them for construction of a privilege log. This was apparently an attempt to avoid paying the costs.

¶{25} Civ.R. 26(B)(6)(a) specifies that when information subject to discovery is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim. As the rule does not provide an exception to the privilege log requirement, appellants should have collected their own medical records, constructed a privilege log for records it deemed not causally or historically related to the action, and provided the other records and the privilege log to Allstate, at which point Allstate could have determined whether a motion to compel was necessary, or to the trial court for an in-camera inspection.

¶{26} Appellants failed to follow the proper procedure under the Civil Rules and thus were not entitled to an in-camera review. It was their burden to show that the records were not causally or historically related. See *Patterson*, 7th Dist. No. 03BE1 at ¶19. See, also, *Waldmann*, 48 Ohio St.2d at 178. Without a privilege log and a provision of the records to the trial court, this burden could not be met, allowing the trial court to compel production of the records.

## CONCLUSION

¶{27} Due to the failure to follow the proper procedure under Civ.R. 26(B)(6)(a) by releasing unprivileged medical records, filing a privilege log as to records alleged to be privileged, and the resulting inability of the trial court to hold an in-camera hearing, the trial court could rationally find that appellants waived their claim of privilege and failed to meet their burden to show the records were not causally or historically related to the claim at bar. Accordingly, the trial court could appropriately order appellants to sign medical releases as requested by Allstate.

¶{28} For the foregoing reasons, the judgment of the trial court is hereby affirmed.

Waite, P.J., concurs.
DeGenaro, J., concurs.