[Cite as *Csonka-Cherney v. ArcelorMittal Cleveland, Inc.*, 2014-Ohio-836.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 100128

---

## MARY JO CSONKA-CHERNEY

PLAINTIFF-APPELLANT

vs.

## ARCELORMITTAL CLEVELAND, INC., ET AL.

DEFENDANTS-APPELLEES

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-793274

**BEFORE:**    Boyle, A.J., S. Gallagher, J., and Rocco, J.

**RELEASED AND JOURNALIZED:**    March 6, 2014

**ATTORNEYS FOR APPELLANT**

Melisa M. Mazanec-Fisco
Chastity L. Christy
Caryn M. Groedel
Caryn Groedel & Associates
31340 Solon Road
Suite 27
Cleveland, Ohio    44139

**ATTORNEYS FOR APPELLEES**

Lisa A. Orlando
Suellen Oswald
Littler Mendelson, P.C.
1100 Superior Avenue, 20th Floor
Cleveland, Ohio    44114

MARY J. BOYLE, A.J.:

{¶1} Plaintiff-appellant, Mary Jo Csonka-Cherney, appeals from a trial court judgment granting the motion to compel discovery of defendants-appellees, ArcelorMittal Cleveland, Inc., Terry Fedor II, and Al Barosphy (collectively "defendants"). Csonka-Cherney raises two assignments of error for our review:

1. The trial court erred in granting appellees' motion to compel discovery relating to appellant's medical information.

2. The trial court erred by refusing to conduct an in camera inspection prior to granting appellees' motion to compel appellant's medical records.

{¶2} We find merit to Csonka-Cherney's arguments and reverse and remand to the trial court.

## Procedural History and Factual Background

{¶3} In October 2012, Csonka-Cherney brought a complaint against defendants for gender discrimination, sexual harassment, and constructive discharge. In each count, she sought damages for, inter alia, "lost wages and mental anguish." Csonka-Cherney further requested, as part of her "Prayers for Relief," that the court order defendants "to make plaintiff whole by providing compensation for a violation of her civil rights, emotional distress, and punitive damages in an amount in excess" of $25,000.

{¶4} Defendants timely answered Csonka-Cherney's complaint and served their first set of discovery requests on her in December 2012. Csonka-Cherney provided

discovery responses in April 2013, with the exception of certain objections relating to the discovery of her medical records (she also challenged other discovery requests, but they are not relevant to this appeal). Specifically, Csonka-Cherney finds issue with the following requests from defendants:

> **Interrogatory No. 14.** Since plaintiff claims emotional injuries as a result of defendants' allegedly unlawful conduct, identify all persons responsible for treating plaintiff for such injuries, any hospital or facility where such treatment was received, and the dates of treatment.
>
> **Interrogatory No. 15.** Since plaintiff claims emotional injuries as a result of defendants' allegedly unlawful conduct, identify all persons, including physicians, psychologists, social workers, counselors, **or other health care professionals who have examined plaintiff or** from whom plaintiff has sought evaluation or treatment for any behavioral, emotional, mental, psychiatric and/or psychological conditions (whether or not diagnosed) in the last **ten years**, including the dates of treatment and the condition for which treatment or evaluation was provided or sought.
>
> **Document Request No. 27.** A separate executed authorization for the release of plaintiff's medical and psychological/psychiatric records for each health care provider or other individual and/or entity identified in plaintiff's answers to Nos. 14 and 15 of defendants' first set of interrogatories to plaintiff. For plaintiff's convenience, release authorization forms are attached.

(Emphasis is Csonka-Cherney's.)

{¶5} The parties attempted to resolve their differences relating to the above requests, but failed to do so. Subsequently, defendants moved to compel discovery of Csonka-Cherney's medical records, arguing that she placed her emotional condition squarely at issue by filing her complaint, alleging that she suffered "mental anguish" and "emotional distress," and seeking damages for it.

**{¶6}** Csonka-Cherney opposed defendants' motion to compel. She argued that her medical records were privileged and confidential, and not causally or historically related to the issues in her case. She further argued that defendants' discovery requests were overly broad and not reasonably calculated to lead to the discovery of admissible evidence. In the alternative, Csonka-Cherney moved for an in camera inspection of her medical records "to determine which, if any, of the requested documents and/or information are relevant and/or discoverable in this matter."

**{¶7}** In its judgment entry granting defendants' motion to compel, the trial court stated:

> The court has reviewed the proposed protective order and finds that, with the inclusion of paragraph 9, it provides substantial protection for any confidential information. The parties may file motions in limine as to the admissibility of documents designated "confidential." Defendant's motion to compel discovery * * * is granted subject to the court's protective order, attached.

**{¶8}** Paragraph 9 of the court's protective order states:

> **Use of Confidential Documents or Information at Trial.** Nothing in this order shall be deemed to preclude the admission into evidence any CONFIDENTIAL information or documents. Nor does any party waive the right to object to the use, relevance, or admissibility at trial of any discovery material, whether or not it is designated CONFIDENTIAL. If a party intends to present at trial CONFIDENTIAL documents or information derived therefrom, such party shall provide advance notice to the other party at least five (5) business days before the final pretrial conference by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL documents or information. The court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**{¶9}** It is from this judgment that Csonka-Cherney appeals, arguing in her two assignments of error that the trial court erred in granting defendants' motion to compel regarding her medical records, and erred by refusing to conduct an in camera inspection of her medical records to determine if they are causally or historically relevant to the issues in the case. We find that Csonka-Cherney's issues are interrelated, and thus, we will address them together.

**{¶10}** We further note that although this is an interlocutory appeal, an order compelling the production of allegedly privileged documents to an opposing party is a final appealable order. *Pinnix v. Glassman, Inc., d.b.a. Marc's*, 8th Dist. Cuyahoga Nos. 97998 and 97999, 2012-Ohio-3263*, citing *Cobb v. Shipman*, 11th Dist. Trumbull No. 2011-T-0049, 2012-Ohio-1676, ¶ 34-35; R.C. 2505.02(A)(3) and 2505.02(B)(4).

Standard of Review

**{¶11}** Generally, a trial court's decision regarding discovery matters is reviewed for an abuse of discretion. *Wall v. Ohio Permanente Med. Group Inc.*, 119 Ohio App.3d 654, 695 N.E.2d 1233 (8th Dist.1997). The Ohio Supreme Court has held, however, that "if the discovery issue involves an alleged privilege * * * it is a question of law that must be reviewed de novo." *Ward v. Summa Health Sys.*, 128 Ohio St.3d 212, 2010-Ohio-6275, 943 N.E.2d 514, ¶ 13, citing *Med. Mut. of Ohio v. Schlotterer*, 122 Ohio St.3d 181, 2009-Ohio-2496, 909 N.E.2d 1237. Because this appeal involves a discovery issue surrounding materials that are potentially covered by the physician-patient privilege, our standard of review is de novo. *Id.*

## Physician-Patient Privilege

{¶12} Parties may obtain discovery regarding any matter, *not privileged*, which is relevant to the subject matter involved in the pending action. Civ.R. 26(B)(1). It is not ground for objection that the information sought will be inadmissible at trial as long as the information appears reasonably calculated to lead to the discovery of admissible evidence. *Id*. Communications between a physician and patient, however, are generally privileged. *See* R.C. 2317.02(B)(1). Pursuant to R.C. 4732.19, confidential communications between a licensed psychologist and a client are "privileged in the same manner as communications between a physician and a patient." *McCoy v. Maxwell*, 139 Ohio App.3d 356, 743 N.E.2d 974 (11th Dist.2000).

{¶13} The waiver of the physician-patient privilege was introduced by the Ohio Tort Reform Act of 1987, and its rationale is "to prevent patients from filing personal injury actions and then using the privilege to avoid responding to discovery requests." *Wargo v. Buck*, 123 Ohio App.3d 110, 120, 703 N.E.2d 811 (7th Dist.1997), citing Robert A. Wade, *Note, The Ohio Physician-Patient Privilege: Modified, Revised, and Defined*, 49 Ohio St.L.J. 1147, 1157 (1989) ("If the physical condition of the patient is at issue in a case, it would be a burlesque upon logic to allow the patient to claim the privilege."). The purpose of the privilege is to encourage patients to be completely candid with their doctors, resulting in better treatment and permitting patients to be free of the worry that information told to their doctors in private may someday be made public. *Wargo* at 120.

**{¶14}** If a patient files a civil action, however, the testimonial privilege is lifted to a certain extent. *See* R.C. 2317.02(B)(1)(a)(iii). A physician may be compelled to testify or submit to discovery only as to communications that are "related causally or historically to physical or mental injuries that are relevant to issues" in the civil action. R.C. 2317.02(B)(3)(a). Thus, if the records are covered by R.C. 2317.02(B) and waiver of the privilege applies, the trial court must determine whether the records are *related causally or historically* to physical or mental injuries relevant to the issues in this case. *Folmar v. Griffin*, 166 Ohio App.3d 154, 2006-Ohio-1849, 849 N.E.2d 324, ¶ 23 (5th Dist.).

**{¶15}** Because the physician-patient privilege is statutory and in derogation of the common law, it must be strictly construed against the party seeking to assert it. *Wargo* at 120, citing *Ohio State Med. Bd. v. Miller*, 44 Ohio St.3d 136, 140, 541 N.E.2d 602 (1989). Further, the party opposing a discovery request has the burden to establish that the requested information would not reasonably lead to discovery of admissible evidence. *Pinnix*, 8th Dist. Cuyahoga Nos. 97998 and 97999, 2012-Ohio-3263, citing *State ex rel. Fisher v. Rose Chevrolet, Inc.*, 82 Ohio App.3d 520, 523, 612 N.E.2d 782 (12th Dist.1992).

**{¶16}** Generally, however, "when there is a dispute over whether certain medical records are causally and historically related to the issues in the case, a court should conduct an in camera inspection of those records to make that determination." *Groening v. Pitney Bowes, Inc.,* 8th Dist. Cuyahoga No. 91394, 2009-Ohio-357, citing

*Neftzer v. Neftzer*, 140 Ohio App.3d 618, 748 N.E.2d 608 (12th Dist.2000), and *Nester v. Lima Mem. Hosp.*, 139 Ohio App.3d 883, 745 N.E.2d 1153 (3d Dist.2000); *see also Rinaldi v. City View Nursing & Rehab. Ctr., Inc.*, 8th Dist. Cuyahoga No. 85867, 2005-Ohio-6360; *Sweet v. Sweet*, 11th Dist. Ashtabula No. 2004-A-0062, 2005-Ohio-7060; *Menda v. Springfield Radiologists, Inc.*, 136 Ohio App.3d 656, 737 N.E.2d 590 (2d Dist.2000); and *Patterson v. Zdanski*, 7th Dist. Belmont No. 03 BE 1, 2003-Ohio-5464; *Cargile v. Barrow*, 182 Ohio App.3d 55, 2009-Ohio-371, 911 N.E.2d 911, ¶ 8 -12 (1st Dist.); *Mason v. Booker*, 185 Ohio App.3d 19, 2009-Ohio-6198, 922 N.E.2d 1036 (10th Dist.).

{¶17} We find this case to be factually similar to two recent Eighth District cases: *Groening*, 8th Dist. Cuyahoga No. 91394, 2009-Ohio-357, and *Pinnix*, 8th Dist. Cuyahoga Nos. 97998 and 97999, 2012-Ohio-3263. In each of these cases, the appellant raised the same issue as Csonka-Cherney does here. In these cases, we sustained the appellant's assignment of error and reversed for an in camera inspection of the disputed records.

{¶18} Thus, in the present case, given the sensitive nature of the information at issue, we conclude that the trial court should have conducted an in camera inspection of the records before ordering them to be disclosed to determine which, if any, of the subject records are causally or historically related to Csonka-Cherney's claims.

{¶19} We recognize that the scope of discovery is broad. As we explained in *Pinnix* at ¶ 15:

A party may be entitled to the discovery of information that would be inadmissible at trial as long as "the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Civ.R. 26(B)(1). It is not unusual to find evidence of other causes for injuries the plaintiff claims are related to the defendant's negligence in seemingly unrelated medical records. Nonetheless, in this matter, the trial court erred in granting an overly broad discovery request when there was a reasonable dispute as to whether some of the medical records are causally and historically related to the [plaintiff's] action.

{¶20} We are further mindful of the fact that an in camera review may be burdensome for the trial court. *See Bogart v. Blakely*, 2d Dist. Miami No. 2010 CA 13, 2010-Ohio-4526 ("Prior to trial, it is unreasonable and impractical to require a trial judge to attempt to determine whether a plaintiff's extensive medical history is relevant to the underlying action[.]"). The preparation of a privilege log, however, would place the onus back upon Csonka-Cherney — where it belongs — because it is her burden to demonstrate which of the records, once produced, are not causally or historically related. *See Hartzell v. Breneman*, 7th Dist. Mahoning No. 10 MA 67, 2011-Ohio-2472; *Patterson,* 7th Dist. Belmont No. 03BE1, 2003-Ohio-5464.

{¶21} We disagree with defendants that Csonka-Cherney has waived her right to challenge the production of the documents based on privilege because she did not already file a privilege log.

{¶22} Civ.R. 26(B)(6)(a) provides:

When information subject to discovery is withheld on a claim that it is privileged * * *, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**{¶23}** As this court stated in *Huntington Natl. Bank v. Dixon*, 8th Dist. Cuyahoga No. 93604, 2010-Ohio-4668, ¶ 24, "the Eighth District has not adopted such a per se waiver rule and we decline to find waiver here." We explained:

> "'Failure to assert the privilege objection correctly can mean that the privilege is waived.' Given that such a result 'could impose substantial and unjustified burdens on litigants, however, most decisions regarding waiver due to failure to provide an adequate privilege log tend to be very case-specific. While some courts have held the failure to provide a privilege log within the applicable time to constitute a waiver of the asserted privilege, other courts have specifically 'reject[ed] a per se waiver rule that deems a privilege waived if a privilege log is not produced.' Indeed, in light of 'the harshness of a waiver sanction,' many courts 'have reserved the sanction for those cases where the offending party committed unjustified delay in responding to discovery.' Additionally, '[m]inor procedural violations, good faith attempts at compliance, and other such mitigating circumstances militate against finding waiver.'" *Berryman v. SuperValu Holdings, Inc.*, S.D. Ohio No. 3:05cv169, 2010 U.S. Dist. LEXIS 32522 (Mar. 31, 2010).

*Huntington Natl. Bank* at ¶ 24.

**{¶24}** Here, Csonka-Cherney consistently and unequivocally gave defendants notice that she was not waiving her right to assert privilege relating to her medical records. Further, Csonka-Cherney did not commit an unjustifiable delay in responding to defendants' discovery request. She sought and received permission from defendants to extend the time to respond to their discovery requests. Although Csonka-Cherney went beyond the time defendants gave her to respond (by almost two months), there is nothing in the record that establishes that defendants complained of the delay at the time or that the defendants were prejudiced in any way.

**{¶25}** Accordingly, we conclude that the trial court erred by granting defendants' motion to compel relating to Csonka-Cherney's medical records without first conducting an in camera review of the records to determine if they are causally or historically related to the issues in this case. Csonka-Cherney's two assignments of error are sustained. Upon remand, however, Csonka-Cherney shall first construct a privilege log pursuant to Civ.R. 26(B)(6)(a), and submit it, along with the documents under seal, to the trial court.

**{¶26}** The judgment of the trial court is reversed. The trial court's order granting defendants' motion to compel is vacated. Upon remand, the trial court is instructed to conduct an in camera inspection of the requested medical records to determine which of the records, if any, are pertinent to the issues in this action. Only medical information that causally or historically relates to issues in this case is discoverable.

It is ordered that appellant recover from appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, ADMINISTRATIVE JUDGE

SEAN C. GALLAGHER, J., and

KENNETH A. ROCCO, J., CONCUR