[Cite as *Mentor Way Real Estate Partnership*, 2016-Ohio-4692.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103267**

# MENTOR WAY REAL ESTATE PARTNERSHIP

PLAINTIFF-APPELLEE

vs.

# JOSEPH HERTANU, ET AL.

DEFENDANTS-APPELLANTS

## JUDGMENT:
DISMISSED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-830361

**BEFORE:** Stewart, P.J., S. Gallagher, J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** June 30, 2016

**ATTORNEYS FOR APPELLANTS**

Geoffrey E. Webster
Bryan M. Pritkin
Webster & Associates Co., L.P.A.
17 South High Street, Suite 770
Columbus, OH 43215


**ATTORNEYS FOR APPELLEE**

David R. Mayo
Michael J. Meyer
Benesch, Friedlander, Coplan & Aronoff, L.L.P.
200 Public Square, Suite 2300
Cleveland, OH 44114

Ronald L. House
Benesch, Friedlander, Coplan & Aronoff, L.L.P.
41 South High Street, Suite 2600
Columbus, OH 43215

David S. Brown
Weltman Weinberg & Reis Co., L.P.A.
Lakeside Place, Suite 200
323 West Lakeside Avenue
Cleveland, OH 44113

**Also Listed**

Leo and Sylvia Feigenbaum
6652 North Monticello
Lincolnwood, IL 60712

Jack and Ingrid Smilovitz
4287 Churchill Boulevard
Cleveland, OH 44118

MELODY J. STEWART, P.J.:

{¶1} This is an appeal from an order compelling a party who had guaranteed payment of a cognovit note to execute an IRS form to authorize the disclosure of unpaid withholding taxes owed to the federal government. Because the appellant has failed to establish that an immediate appeal is necessary to afford a meaningful and effective remedy, we dismiss the appeal.

{¶2} In January 2001, plaintiff-appellee Mentor Way Real Estate Partnership ("MWREP"), the real estate arm of Mentor Way Care Center, entered into a lease agreement with Mentor Way Nursing and Rehabilitation Center, Inc. ("Mentor Way") to operate a nursing home at the MWREP facility. In 2007, MWREP extended the lease with defendant-appellant Joseph Hertanu, a 20 percent shareholder in Mentor Way, agreeing to guarantee Mentor Way's payment of the lease. In August 2014, the Internal Revenue Service ("IRS") issued a tax levy against MWREP in the amount of $1.9 million for withholding taxes predating December 31, 2007. Because Hertanu's guaranty stated that he would guarantee all "unpaid wage and other employment-related withholding taxes existing as of the date of the guaranty," MWREP demanded that he make good on the guaranty. When he refused to do so, MWREP considered him in breach of guaranty and brought suit.

{¶3} Claiming that the notice of levy might not be sufficient by itself to show the total amount guaranteed by Hertanu, MWREP served a subpoena on the IRS and asked for documents that would establish the current total owed by Hertanu. The IRS told

MWREP that it was prohibited by federal law from releasing the information to a third party, but could divulge the information if Mentor Way filed an IRS Form 8821 to designate third-party authorization to receive tax information. With Hertanu claiming to own a 20 percent interest in Mentor Way, MWREP asked him to voluntarily execute the Form 8821 on behalf of Mentor Way. Hertanu refused, claiming that as of December 31, 2007, he had no ownership interest in Mentor Way.

{¶4} With Hertanu refusing to cooperate, MWREP filed a Civ.R. 45 motion to compel Hertanu to execute the Form 8821. MWREP told the court that even though Hertanu claimed to have sold his interest in Mentor Way at the end of 2007, Mentor Way tax documents filed in 2010 still listed him as a 20 percent owner of Mentor Way.[1] In opposition to the motion to compel, Hertanu conceded that he is a "minority" owner of Mentor Way, but argued that he was under no obligation to sign the Form 8821 because doing so would destroy the confidentiality of tax returns promised under federal tax law.

{¶5} The court granted the motion to compel, ordering Hertanu to file a Form 8821 and authorize production of documents from the IRS. The court further ordered that Hertanu's failure to execute the Form 8821 would result in a Civ.R. 37 sanction in the form of an evidentiary presumption that Mentor Way's unpaid withholding totaled $1,911,660.39 as of December 31, 2007. This appeal followed.

---

[1] Prior to ruling on the motion to compel Hertanu to execute the Form 8821, the court entered default judgments against the remaining shareholders of Mentor Way, defendants Jack and Ingrid Smilovitz and Leo and Sylvia Feigenbaum. Hertanu maintained that as a minority shareholder, he did not have the ability to execute the Form 8821, but MWREP claimed that it could not locate those defendants to have them execute the form.

**{¶6}** Prior to oral argument in this case, this court's administrative judge ordered Hertanu to show cause why this appeal should not be dismissed for want of a final order under R.C. 2505.02. After both parties filed briefs in support of their respective positions, the administrative judge issued a sua sponte order directing that "the appeal shall go forward."

**{¶7}** Although prehearing administrative orders relating to the finality of judgments issued by this court are binding on the parties, they are not binding on panels hearing the appeal on the merits. *See* Sup.R. 4.02 ("The judges of a court or a division of a court, by majority vote, may modify or vacate the actions of the administrative judge of the court or division.")[2] And when prehearing administrative rulings involve the finality of appeals, they are subject to additional consideration by the merit panel. *See, e.g., State v. Dotson*, 31 Ohio App.3d 200, 200-201, 510 N.E.2d 817 (8th Dist.1987) (recognizing that while another panel granted leave to appeal, merit panel could find that leave was improvidently granted because the court of appeals had no jurisdiction to authorize an appeal from the contested order).

**{¶8}** Article IV, Section 3(B)(2) limits appellate jurisdiction to "judgments or final orders" of the inferior courts. *Supportive Solutions, L.L.C. v. Electronic Classroom of Tomorrow*, 137 Ohio St.3d 23, 2013-Ohio-2410, 997 N.E.2d 490, ¶ 10. R.C. 2505.02

---

[2] Apart from extraordinary cases in which a court of appeals sits en banc, an appellate panel consist of three judges. *See* Section 3(A), Article IV of the Ohio Constitution. For purposes of Sup.R. 4.02(A), the "court" consists of the three-judge panel assigned to hear the appeal on the merits.

defines what constitutes a "final" order.  R.C. 2505.02(A)(3) states that an order compelling discovery of allegedly privileged material is a "provisional remedy."  An order granting or denying a provisional remedy is final if it "determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy."  R.C. 2505.02(B)(4)(a).  Further, the order must foreclose "a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."  R.C. 2505.02(B)(4)(b).

{¶9} In *Smith v. Chen*, 142 Ohio St.3d 411, 2015-Ohio-1480, 31 N.E.3d 633, the Ohio Supreme Court held that provisional orders are final only if they have the effect of determining the action with respect to the provisional remedy *and* the appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgments in all proceedings.  *Id.* at ¶ 5.  *Smith* was a medical malpractice action where the defendant physician was ordered, over work product objections, to produce as discovery a surveillance video of the plaintiff that the physician intended to use as impeachment during trial.  The Supreme Court agreed that the order of production "determined the discovery issue" against the physician, but found that the physician "never argued, much less established" that a direct appeal following judgment of all issues in the case would not afford him a meaningful or effective remedy.  *Id.* at ¶ 6.  The failure caused the Supreme Court to find that the court of appeals had no final order, so it could not reach the merits of the appeal.

{¶10} An even more analogous case is *Walker v. Taco Bell*, 1st Dist. Hamilton No. C-150182, 2016-Ohio-124, where the First District recently considered a very similar issue involving an order compelling a claimant with a workers' compensation claim to sign medical record releases in favor of the Bureau of Workers' Compensation. On appeal, the claimant argued that the releases involved privileged material, the knowledge of which constituted a "bell that could not be unrung." The court of appeals, citing *Smith*, held that the claimant failed to establish that an immediate appeal was necessary to afford the appellant a meaningful and effective remedy. *Id.* at ¶ 7. Rejecting the "unrung bell" argument, the court of appeals noted that *Smith* clearly found no merit to that argument as a basis for showing why an immediate appeal was necessary. *Id.* at ¶ 8. The court of appeals dismissed the appeal for want of a final order. *See also Howell v. Park E. Care & Rehab.*, 8th Dist. Cuyahoga No. 102111, 2015-Ohio-2403.

{¶11} Hertanu makes no argument that being ordered to sign the Form 8821 or that the disclosure of Mentor Way's tax information would deny him a meaningful and effective remedy by direct appeal after a final judgment. With regard to the disclosure of the tax information, Hertanu is asserting confidentiality rights belonging to Mentor Way. While Hertanu may be a minority shareholder in Mentor Way, he noted in his opposition to MWREP's motion to compel that "he has never held any officer or director position with [Mentor Way.]" Hertanu is named as an individual in the complaint based on his personal guaranty of Mentor Way's tax liability, not as an officer or shareholder of Mentor Way. If there is a claim of confidentiality to be made, it must be made by

Mentor Way, not Hertanu. So even if the "bell cannot be unrung," it is clear that the bell is ringing only for Mentor Way, not Hertanu. Because Hertanu cannot show that he is denied a meaningful and effective remedy by direct appeal after a final judgment, we lack a final order under R.C. 2505.02(B)(4)(b).

**{¶12}** Appeal dismissed.

It is ordered that appellee recover of said appellants costs herein taxed.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, PRESIDING JUDGE

SEAN C. GALLAGHER, J., CONCURS;
ANITA LASTER MAYS, J., DISSENTS (WITH SEPARATE OPINION)

ANITA LASTER MAYS, J., DISSENTING:

**{¶13}** I respectfully dissent from the majority's opinion. Defendant-appellant Joseph Hertanu ("Hertanu") has shown that the trial court's decision does not afford Hertanu a meaningful and effective remedy following a final judgment and thus the "proverbial bell has rung."

**{¶14}** I preface this analysis by establishing that, while this is an interlocutory appeal, the order before us is a final appealable order ("FAO"). The order meets the requirements of R.C. 2505.02(B)(4) as it is:

(4) An order that grants or denies a provisional remedy[3] and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following a final judgment as to all proceedings, issues, claims and parties in the action.

R.C. 2505.02(B)(4)(a) and (b).

**{¶15}** Hertanu contends that the order compels the production of confidential information. An order compelling the production of allegedly privileged or confidential information to an opposing party is a final appealable order ("FAO") pursuant to R.C. 2505.02(B)(4). *Csonka-Cherney v. Arcelormittal Cleveland, Inc.*, 2014-Ohio-836, 9 N.E.3d 515, ¶ 10 (8th Dist.), citing *Pinnix v. Marc Glassman, Inc., d.b.a. Marc's*, 8th Dist. Cuyahoga Nos. 97998 and 97999, 2012-Ohio-3263, citing *Cobb v. Shipman*, 11th Dist. Trumbull No. 2011-T-0049, 2012-Ohio-1676, ¶ 34-35; R.C. 2505.02(A)(3) and 2505.02(B)(4).

**{¶16}** Where an order requires the disclosure of confidential information:

[I]t determines the action with respect to a provisional remedy and prevents a judgment in appellant's favor with respect to the discovery. *Bennett v. Martin*, 186 Ohio App.3d 412, 2009-Ohio-6195, [928 N.E.2d 763,] ¶ 35 [(10th Dist.)]. An appeal following a final judgment would not be an

---

[3] R.C. 2505.2(A)(3): "'Provisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, suppression of evidence, a prima-facie showing pursuant to section 2307.85 or 2307.86 of the Revised Code, a prima-facie showing pursuant to section 2307.92 of the Revised Code, or a finding made pursuant to division (A)(3) of section 2307.93 of the Revised Code."

effective remedy for the disclosure of privileged and/or confidential information.

*Fasteners for Retail, Inc. v. Dejohn*, 8th Dist. Cuyahoga No. 100333, 2014-Ohio-1729, ¶ 16.

**{¶17}** The Ohio Supreme Court recently addressed the finality of discovery orders involving privilege in *Smith v. Chen*, 142 Ohio St.3d 411, 2015-Ohio-1480, 31 N.E.3d 633, which this court has interpreted to require that to meet R.C. 2505.02(B)(4)(b), an appellant must affirmatively establish that the immediate appeal is required to afford a meaningful and effective remedy beyond asserting that the "proverbial bell has rung." *Burnham v. Cleveland Clinic*, 8th Dist. Cuyahoga No. 102038, 2015-Ohio-2044, ¶ 13, citing *Smith* at ¶ 8.[4] I agree with Justice Kennedy in her dissent where she holds that *Smith* "destabilizes the law" and that "[o]rders compelling discovery of privileged information have been considered final, appealable orders under R.C. 2505.02(B)(4) in every district" and listed the controlling decisions in each district. *See Smith* at ¶ 14-16.

**{¶18}** In this case, in addition to the resounding bell, Hertanu also proffers additional bases for the ineffectiveness of the remedy such as the potential legal ramifications by the Smilovitz parties, who arguably possess a right of confidentiality

---

[4] *Burnham* has been accepted for discretionary appeal (144 Ohio St.3d 1425, 2015-Ohio-5225, 42 N.E.3d 762). The case was argued May 4, 2016, and an opinion is pending. The petitioner's position is that this court is improperly interpreting the *Smith v. Chen* decision to justify dismissal of proper interlocutory appeals of orders requiring the production of privileged material.

regarding the Mentor Way tax documents, and the question of his unilateral authority to secure Mentor Way's confidential tax information for disclosure to appellees. Coupled with Hertanu's assertion that, if legally accurate, his asserted authority is based on facts in dispute, I find that Hertanu has affirmatively established the need for an immediate appeal pursuant to R.C. 2505.02(B)(4)(b).